EXHIBIT "A"

SEIGEL LAW LLC
505 Goffle Road
Ridgewood, New Jersey 07450
Attorney for Plaintiff(s)
(201) 444-4000

| | |
|---|---|
| MONIQUE LESTER, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO. BER-L-7534-17 |
| WILLIAM A. FOREMAN, WURTH BROTHERS INC., | **Civil Action** |
| Defendant(s) | **SUMMONS** |

From The State of New Jersey, To The Defendant(s) Named Above:

**Wurth Brothers Inc**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ *Michelle M. Smith*

Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated: November 6, 2017

Name of Defendant to be Served: **Wurth Brothers Inc**
Address of the Defendant: **1648-2000 Avenue, Beason, IL 62512**

* **$105.00 For Chancery Division Cases or $135.00 for Law Division Cases**

(11-9-17)

James P. Kimball, Esq. – 026251992
**SEIGEL LAW LLC**
505 Goffle Road
Ridgewood, New Jersey 07450
(201) 444-4000
Attorneys for Plaintiff, Monique Lester

| | |
|---|---|
| MONIQUE LESTER, | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff,* | LAW DIVISION: BERGEN COUNTY |
| vs. | DOCKET NO. BER-L- |
| WILLIAM A. FOREMAN, WURTH BROTHERS INC., JOHN DOES 1-5 (fictitiously named operators or owners of motor vehicles) and ABC COMPANIES 1-5 (fictitiously named owners of motor vehicles), | *Civil Action*<br><br>**COMPLAINT, JURY DEMAND & DISCOVERY DEMANDS** |
| *Defendants.* | |

Plaintiff, MONIQUE LESTER (herein "Plaintiff"), residing at 278 Main Street, Little Ferry, New Jersey, by way of Complaint against Defendant(s), declares:

## FIRST COUNT

1. On or about the 26th day of July, 2016 Plaintiff was operating a motor vehicle eastbound just past the Upper Level Toll Plaza of the George Washington Bridge in Fort Lee, New Jersey.

2. At the above time and place, Defendant, WILLIAM A. FOREMAN, was the operator of a tractor trailer with the consent of and/or as agent of the owner, Defendant, WURTH BROTHERS INC., and traveling eastbound just past the Upper Level Toll Plaza of the George Washington Bridge in Fort Lee, New Jersey.

3. At the above time and place, Defendants so carelessly, negligently and/or recklessly operated, owned, entrusted, used, maintained and/or repaired said motor vehicle, causing the tractor trailer to crash into Plaintiff's vehicle.

4. At the same time and place, Defendants, JOHN DOES 1-5 (fictitiously named operators or owners of motor vehicles), ABC COMPANIES 1-5, (fictitiously named owners of motor vehicles), and/or their employees, agents, or assigns, carelessly, negligently and/or recklessly operated, owned, entrusted, used, maintained and/or repaired said motor vehicles, causing said car crash.

5. As a direct and proximate result of the aforementioned negligence, Plaintiff was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish, and was and still is incapacitated and will be permanently disabled, has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendants, jointly and severally, together with interest, attorney's fees, and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), James P. Kimball, Esq., is designated as trial counsel.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

### STATEMENT OF DAMAGES CLAIMED PURSUANT TO R. 4:5-2

Plaintiffs each request damages in the amount of $1,000,000.00.

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

SEIGEL LAW LLC
Attorneys for Plaintiff(s)

By: _____
James P. Kimball, Esq.

Dated: November 3, 2017

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), Plaintiff demands confirmation and copies of all insurance agreements applicable to all answering Defendants.

SEIGEL LAW LLC
Attorneys for Plaintiff(s)

By: _____
James P. Kimball, Esq.

Dated: November 3, 2017

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1 et seq., Plaintiff hereby demands that all Defendants provide certified answers to Form C and C(1) interrogatories.

SEIGEL LAW LLC
Attorneys for Plaintiff(s)

By: _____
James P. Kimball, Esq.

Dated: November 3, 2017

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Pursuant to R. 4:17-1 *et seq.*, Plaintiff hereby demands that all Defendants provide certified answers to the following supplemental interrogatories:

1. Where you were coming from immediately prior to the incident?

2. What was your intended destination when the accident occurred?

3. At the time of the accident, were you prescribed glasses or contact lenses? If so, were you wearing glasses or contact lenses; what was the prescription strength; and who is your eye doctor.

4. Who were you acting as agent of by driving your tractor trailer at the time of the accident? Provide all documentation related to this trip.

5. How many impacts was your vehicle involved with?

6. Did you own a cellular phone at the time of the accident? Is so, state the phone number and wireless carrier.

7. Do you attribute fault for the accident to any other parties or non-parties? If so, explain.

8. Do you contend that there was a malfunction with your motor vehicle that contributed to this accident? If so, explain and provide all supporting documentation.

9. How many hours had you been driving without a rest break immediately prior to the accident? Provide all logs documenting same.

10. Did you consume or ingest any alcoholic beverages, prescription medication and/or drugs within five hours of the accident set forth in the Complaint? If so, identify the substance, the amount or dosages, and the location/establishment where you consumed any alcoholic beverages.

SEIGEL LAW LLC
Attorneys for Plaintiff(s)

By: _____
James P. Kimball, Esq.

Dated: November 3, 2017

4

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18-1, *et seq.*, Plaintiff hereby demands that all Defendants provide the following documents:

1. Defendant Foreman's driver's employment file including: job application, MVR, and all documentation related to disciplinary action.

2. Defendant Foreman's driver's logs for six months prior to the accident of July 26, 2016.

3. Bills of lading, fuel receipts for six months prior to the accident of July 26, 2016.

4. Defendant Wurth Brothers Inc.'s written hiring criteria at the time Defendant Foreman was hired.

5. Defendant Wurth Brother Inc.'s written hiring criteria at the present time.

6. Maintenance records for the tractor involved in the accident of July 26, 2016.

7. Maintenance records for the trailer involved in the accident of July 26, 2016.

8. Training materials utilized by Defendant Wurth Brothers Inc. regarding new hires at the time Defendant Foreman was retained for employment.

9. Training materials utilized by Defendant Wurth Brothers Inc. regarding new hires at the present time.

10. A copy of any and all documention related to Defendant Wurth Brother Inc.'s document retention and/or destruction policies.

11. A copy of any and all documentation related to Defendant Wurth Brothers Inc.'s system, process, and purpose for creating, duplicating, and/or storing information requested above.

12. A copy of any and all documentation related to the location where Defendant Wurth Brother Inc. would store the documents requested above.

13. A copy of any and all documentation related to organizing, indexing, and/or filing of the documents requested above.

14. A copy of any and all documentation related to Defendant Wurth Brother Inc.'s method of search when attempting to locate and acquire the documents requested above.

15. A copy of any and all documentation related to the completeness of the documents requested above.

16. A copy of any and all documentation related to the authenticity of the documents requested above.

17. True, clear and complete copies of all reports and statements Defendant Foreman was required to prepare and submit to the corporate defendants or to any municipal, state and/or federal agency (including ICC reports) regarding the incident complained of as required by company policies and/or the Motor Carrier Safety Act and its Regulations.

18. The truck schedule and route description for Defendant Foreman for July 26, 2016 and the log of deliveries or trip stops on July 26, 2016 and for the three (3) days prior.

19. The protocols of Defendant Wurst Brothers Inc. for the handling of a reported accident by a driver from the road.

20. The records of the Custodian of Records for Defendant Wurst Brothers Inc. regarding the incident complained of.

21. The Safety Check system for Defendant, Wurst Brothers Inc. regarding its place in service.

22. True copies of all Defendant Wurst Brothers Inc.'s safety protocols and videos provided to its drivers for review and study in preparation for employment or required in the regular course of employment.

23. True copies of the company's driver safety courses and/or programs required of its drivers to be completed on a yearly basis to keep current with all standards and regulations.

24. All Defendant Wurst Brothers Inc.'s Standard Operating Procedure Manuals regarding continuing truck driver safety education.

25. Defendant Wurst Brothers Inc.'s Human Resources file on Defendant Foreman, including but not limited to, all health information and records kept regarding Mr. Foreman.

26. All Department of Motor Vehicles abstracts that Defendant Wurst Brothers Inc.'s obtained regarding the driving record of Defendant Foreman and a copy his commercial driver's license (CDL) with the proper endorsements.

27. True clear copies of all results of periodic drug testing of Defendant Foreman.

28. All health records of Defendant Foreman, including but not limited to health exam reports and certifications required for continued employment.

29. The cell phone number of the Defendant Foreman and true copies of his cell phone records for the day and evening of the incident complained of showing the time and length of all incoming and outgoing calls.

30. All captions and docket numbers of every personal injury action Defendant Wurst Brothers Inc. have ever been a party to, including pending actions.

31. Any and all written statements, as well as oral statements reduced to writing, of Plaintiff.

32. Any and all written statements, as well as oral statements reduced to writing, of the Defendants Wurst Brothers Inc. and Foreman.

33. Any and all vehicle tracking devices that was engaged to the truck engine that identifies the driver operating the truck, records, the truck drivers duty status and monitor the location and movement of the vehicle.

34. Defendant Wurst Brothers Inc.'s copyrighted and published Safety Manual.

35. Record of attendance of Defendant Foreman at all of the Company Safety Meetings.

36. All Safety materials presented at Safety Meetings over the past 5 years.

37. All documents written at their training schools.

38. Any and all materials on the Responsible Care Partnership Program.

39. Any and all written statements, as well as oral statements reduced to writing, of any and all other parties to this action.

40. Any and all written statements, as well as oral statements reduced to writing, of any/all agents, servants and employees of the Defendants which in any way involve and/or discuss the Plaintiff and/or the subject incident.

41. Any and all written statements or oral statements reduced to writing of any/all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims.

42. Any and all Central Index Bureau and/or Index System Reports regarding the Plaintiff.

43. Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of Plaintiff's claim.

44. Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by the Plaintiff.

45. Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any/all claims of the Plaintiff, made to/by a police official/department and/or any governmental authority.

46. Any and all photographs, charts, drawings, motion pictures, videos and/or surveillance reports of the Plaintiff.

47. Copy of the Curriculum Vitae of each proposed expert witness of Defendant.

48. The name and address and title of each agent, servant and/or employee of any and at of Defendants' medical experts who were are present during any/all examinations and/or interviews or any other aspects of defense medical/psychiatric IME's of the Plaintiff.

49. Any and all intake sheets, patient questionnaire forms or other documents filled out and/or completed or drafted pursuant to any and all defense examinations of the Plaintiff, taken or to be taken in this matter.

50. Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

51. Any and all documents regarding or relating to any other injuries, illnesses, medical conditions and/or psychiatric conditions sustained by the Plaintiff, whether before or after the date of the incident complained of.

52. Any and all documents in your possession, custody and/or control that refer or relate in any way to reservation of rights from Defendants' insurance company.

53. Any and all documents, including but not limited to, incident reports, photographs, tape recordings, films, videotapes, motion pictures, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to circumstances surrounding the subject incident.

54. Any and all documents, including but not limited to, photographs, videos, films, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to Plaintiff's physical condition on or after the date of the incident complained of.

55. True copies of any and all investigative reports pertaining to the subject incident.

56. Any and all photographs, and/or videotapes depicting Defendants Wurst Brothers Inc and Foreman's vehicle described in the complaint and the police report and since the incident of July 27, 2016.

57. Any and all photographs, and/or videotapes depicting any other vehicles involved in the subject collision of July 27, 2016.

58. Any and all photographs, and/or videotapes depicting the Plaintiff's vehicle since the collision of July 27, 2016.

59. Copy of Defendant Wurst Brothers Inc.'s motor vehicle insurance policies, as well as any excess insurance policies and umbrella policies, relevant to the subject collision.

60. Name and address of the individual(s) who last inspected Defendant Wurst Brothers Inc.'s vehicle involved in the subject incident prior to the subject collision, whether by a governmental authority or by an agent, servant and/or employee of this Defendant (e.g., daily inspections prior to operation).

61. All "Black Box" Information pulled from the said tractor involved.

62. Copies of all statements, summaries of statements, or notes or writings of any kind regarding statements made by any party to this action or any person having relevant knowledge pertaining to this action, INCLUDING THE STATEMENT OF THE DEFENDANT(S) TO THEIR INSURANCE CARRIER in accordance with Pfender v. Torres, 336 N.J. Super. 379 (App. Div. 2001).

63. Copies of all repair bills and estimates of damages to either the Plaintiff's or the Defendant's vehicle reflecting damage to same as a result of this accident;

SEIGEL LAW LLC<br>
Attorneys for Plaintiff(s)<br>
<br>
By: _____<br>
James P. Kimball, Esq.

Dated: November 3, 2017

BER-L-007534-17   11/06/2017 10:19:54 AM  Pg 1 of 1 Trans ID: LCV2017433545

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-007534-17**

**Case Caption:** LESTER MONIQUE VS FOREMAN WILLIAM
**Case Initiation Date:** 11/06/2017
**Attorney Name:** JAMES PHILIP KIMBALL
**Firm Name:** SEIGEL LAW LLC
**Address:** 505 GOFFLE RD
RIDGEWOOD NJ 074500000
**Phone:**
**Name of Party:** PLAINTIFF : Lester, Monique
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:



I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/06/2017
Dated

/s/ JAMES PHILIP KIMBALL
Signed